IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN LEATH,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-05-2349** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **RONNIE HOLT, Warden,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM**

## I. Introduction

Petitioner, Steven Leath, an inmate confined at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Petitioner contemporaneously filed a motion to exceed the page limitaitons for his petition (Doc. 2). Named as Respondent is FCI-Schuylkill Warden Ronnie Holt. Petitioner is challenging his sentence imposed by the United States District Court for the Eastern District of Pennsylvania ("Eastern District of Pennsylvania"), alleging that: (1) the sentencing court lacked jurisdiction, (2) the sentencing court improperly relied upon the pre-sentence investigation report (PSI), and (3) he is entitled to a new sentencing in light of recent Supreme Court decisions.

## II. Background

On February 25, 1994, Petitioner was convicted in the Eastern District of Pennsylvania for narcotics charges, and he was sentenced on June 6, 1994. (Doc. 1 at 10-11.) The instant petition ensued. For the reasons that follow, the Court finds that § 2241 relief is unavailable to Petitioner, and will summarily dismiss the petition.

## III. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a §2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (West Supp. 2000); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255

motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Brooks*, *supra*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Petitioner has the burden of proving that section 2255 would be an inadequate or ineffective remedy, *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Petitioner does not contend that § 2255 is inadequate or ineffective to test the legality of his detention, and he does not address the basis for proceeding under § 2241.

Regardless, it does not matter whether Petitioner has sought permission to file a § 2255 motion, and was denied, or he is simply assuming his inability to file a successive § 2255 motion from the specific language of the Code. In either event, § 2255 is not inadequate or ineffective merely because he is unable to meet the gatekeeping requirements of the section. *Dorsainvil*, 119 F.3d at 251. If he has sought such permission, and been denied, then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[1] If permission had not been sought, he would be required to do so under

---

[1] 28 U.S.C. § 2244(a) states:

> "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus,

§ 2244(b)(3)(A).[2]

Nothing in the instant petition alters the Court's conclusion that Petitioner has failed to establish the inadequacy or ineffectiveness of the § 2255 remedy. Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the Court will dismiss this 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. An appropriate order follows.

Dated: December 15 , 2005

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

---

except as provided in Section 2255."

[2] 28 U.S.C. § 2244(b)(3)(A) states:

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN LEATH,** | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-05-2349** |
| **v.** | : | **(Judge Caputo)** |
| **RONNIE HOLT, Warden,** | : | |
| **Respondent.** | : | |

**ORDER**

**AND NOW, THIS 15th DAY OF DECEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED** without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).
2. Petitioner's motion to exceed the page limitations (Doc. 2) for his habeas petition is **DENIED** as moot.
3. The Clerk of Court is directed to **CLOSE** this case.
4. There is no basis for the issuance of a certificate of appealability.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge